UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LEON PERCIVAL, et al.,

              Plaintiffs,              Case No. 2:16-cv-97

v.

                                      Honorable Gordon J. Quist

PRISON HEALTH SERVICES et al.,

              Defendants.

_____/

**OPINION**

        This is a civil rights action brought by sixty-four state prisoners pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court will dismiss all of the Plaintiffs, except for Leon Percival. Plaintiff Percival will be required to file an amended complaint on the form provided by the Court within twenty-eight days. Once Plaintiff has filed his amended complaint, the Court will address Plaintiff Percival's pending motion to proceed *in forma pauperis* in this action (ECF No. 2). The Court also will deny as moot Plaintiffs' motion to compel Defendants to approve prisoner-to-prisoner mail (ECF No. 3).

**Discussion**

        I.        **Misjoinder of Parties**

        Federal Rule of Civil Procedure 20(a)(1) allows the permissive joinder of plaintiffs in a single action, if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. FED. R. CIV. P. 20(a)(1). Likewise, defendants may be joined into a single action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact

common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Thus, when joining either multiple plaintiffs or multiple defendants in a single action, the two-part test of either Rule 20(a)(1) or 20(a)(2) must be met.

In considering whether joinder should be permitted, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff or plaintiffs free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Nor can multiple plaintiffs pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to their "mutual" cause of action. *Coughlin*, 130 F.3d at 1350; *Abdelkarim v. Gonzales*, No. 06-14436, 2007 WL 1284924, at *4-5 (E.D. Mich. Apr. 30, 2007). The limitations of joining multiple plaintiffs and defendants in a single lawsuit are often compounded where the plaintiffs are prisoners. *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D. N.J. Jun. 23, 2008) ("Among the difficulties . . . are the need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These courts also have noted that jail populations are notably transitory, making joint litigation difficult.") (collecting cases).

Furthermore, prisoners may use misjoinder as a means of circumventing the filing fee provisions of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, which require a prisoner to pay the full $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281

(6th Cir. 1997). When a case is filed by more than one prisoner, the Plaintiffs share the fees and costs proportionately. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, multiple prisoners may file a single complaint with unrelated claims in an attempt to pay a reduced fee. Likewise, a prisoner who is barred from proceeding *in forma pauperis* under the three strikes provision set forth in § 1915(g) may file a complaint with other improperly joined prisoner plaintiffs in order to reduce his portion of the filing fee to an amount he can afford to pay, thereby frustrating the intent of the statute to curb abusive prisoner litigation.[1]

Here, the multitude of named Plaintiffs and Defendants cautions against permitting the joinder of parties under Federal Rule of Civil Procedure 20(a). Plaintiffs complain that they are limited to using the bathroom once per hour while on top lock sanctions pursuant to the "top-of-the-hour" custom. Plaintiffs also assert that Defendants have chosen to sentence them to top lock sanctions as opposed to "loss of privileges" without any justification. Plaintiffs state that Defendants write, review, conduct hearings on, and enforce one another's misconduct sanctions. Plaintiffs further allege that Defendant Wardens and Supervisors approve and ratify the conduct of their subordinates.

Plaintiffs claim that Defendants Woods and Isard "constructed and/or approved a sham appellate process whereby nearly 100% of all appeals were denied even when mandatory time limits had expired and where there was no factual dispute." Plaintiffs contend that Defendants Woods, Isard, LaCrosse, Pawley, Gallagher, Wilkins, Burke, Horton, and others have failed to designate a supervisor or hearing officer who is objective to adjudicate minor misconduct reports;

---

[1] In this case, Plaintiff Percival may be denied leave to proceed *in forma pauperis* because he has three strikes. *See Percival v. Gerth*, 2:10-cv-109, ECF Nos. 4 and 5, Op. & Ord. Denying Leave to Proceed *In Forma Pauperis* (W.D. Mich. Oct. 5, 2010). If Plaintiff Percival had filed his own action, he would have been required to pay the full $400.00 filing fee in order to proceed with his case. However, if Plaintiff Percival were allowed to proceed in this action with sixty-four other prisoners, he would only be required to pay one-sixty-fourth of the filing fee, or $6.25.

that Defendants Woods and Washington have failed to take action against the officers who issue top lock in every case, rather than loss of privileges, when they know that top lock is more severe; and that Defendants Washington and Woods enforce a blanket policy denying Plaintiffs access to group services while on top lock status.

The Court notes that Plaintiffs' claims consist of a laundry list of alleged violations by Defendants, specifically regarding the hardships that prisoners experience while on top lock. Although Plaintiffs attempt to present their claims in a unified fashion, each Plaintiff necessarily has a different set of facts and circumstances surrounding his claims, such as the reason each Plaintiff was sentenced to top lock, which Defendant was responsible for writing each misconduct ticket and conducting each hearing, the amount of time each Plaintiff spent on top lock, and the specific instances of hardship suffered by each Plaintiff while on top lock.  As noted above, multiple plaintiffs cannot pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to their "mutual" cause of action.  *Coughlin*, 130 F.3d at 1350; *Abdelkarim*, 2007 WL 1284924, at #4-5.  Plaintiffs' claims do not arise under the same transaction or occurrence, are not asserted against all Defendants jointly and severally, and do not involve a common question of law or fact.  Because Plaintiffs' claims do not meet the two-part test of Rule 20(a)(1), they are improperly joined.

II.     **Remedy for Misjoinder of Parties**

Under FED. R. CIV. P.  21, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006), *Carney v. Treadeau*, No. 07-CV-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008), *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich*., 539 F. Supp.2d 924, 940 (E.D. Mich. 2008); *see also Michaels*

4

*Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc.*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

In this case, Plaintiffs bring causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Plaintiffs do not provide dates for their claims. Rather, they present their claims as ongoing violations. Therefore, Plaintiffs' causes of action accrued less than three years ago. Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). Because the Court will dismiss Plaintiffs without prejudice under FED. R. CIV. P. 21, the time during which the current suit was pending will toll the statute of limitations. As Plaintiffs will not suffer gratuitous harm if this action is dismissed, the Court will exercise its discretion under Rule 21 and dismiss all

5

Plaintiffs, except Plaintiff Percival, without prejudice to the institution of new, separate lawsuits by the remaining Plaintiffs. *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same).

### III.   **Plaintiff Percival**

Plaintiff Percival will be required to file an amended complaint on the form provided by the Court within twenty-eight days of this Opinion and Order. If Plaintiff wishes to proceed with his action, he must carefully fill out the form and submit it to the Court. The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff Percival intends to sue and all of the claims that Plaintiff Percival intends to raise. The case number shown above must appear on the front page of the amended complaint.

### IV.   **Motions**

Currently pending before the Court is Plaintiff Percival's motion for leave to proceed *in forma pauperis* (ECF No. 2). This motion will be addressed by the Court once Plaintiff has filed an amended complaint in compliance with this opinion and order. In addition, Plaintiffs have filed a motion to compel Defendants to approve prisoner-to-prisoner mail (ECF No. 3). Plaintiffs' motion to compel will be denied as moot.

An Order consistent with this Opinion will be entered.

Dated:  July 27, 2016                                  /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE